SIDNEY K. JOHNSON, Respondent, v. THE INTERNATIONAL HARVESTER COMPANY OF AMERICA, INC., Appellant.*

Third Department, November 18, 1932.

---

*McCurn & Farnham [Francis D. McCurn* and *Donald V. Carr* of counsel], for the appellant.

*Ward N. Truesdell,* for the respondent.

CRAPSER, J.   The action was commenced by the service of a summons and complaint in 1928 and the issue was joined by the service of an answer.

An application was made for leave to serve an amended complaint and permission was granted and a complaint served and issue joined and the case was tried by an official referee, and resulted in a judgment for the plaintiff for $2,052.57, an appeal from which judgment was taken.

A proposed case and exceptions was made and moved for settlement before the official referee; he excluded from the case and exception the original summons and complaint.   Then the defendant moved at Special Term for an order remitting the case and exceptions to the official referee for resettlement and including therein the original summons and complaint theretofore excluded by him.   The motion was denied.

The appellant is appealing from an order allowing the service of an amended complaint and for the purpose of presenting properly this question wishes to print the original complaint.   The original complaint alleged the rescission of the purchase of a truck from the defendant and demanded the return of all money paid by the plaintiff.

The amended complaint alleged a cause of action for the alleged failure to comply with certain provisions of the Personal Property Law, known as the Uniform Conditional Sales Act, relating to the retaking and reselling of goods by a conditional vendor.

The order permitting the service of the amended complaint was an intermediate order.   No appeal was taken from it at the time it was granted but section 580 of the Civil Practice Act permits the plaintiff to proceed and then raise the questions on appeal from the final judgment.

The original summons and complaint should be included in the return.

An amendment to the act creating official referees gave to them the same power as a judge at Special Term but prescribed no provision for appeal from their order. (See Judiciary Law, § 116, as amd. by Laws of 1931, chap. 679.) The right to appeal is statutory and cannot be inferred by implication or construction; it has to be by direct grant of the right to appeal, and until that right is granted the litigant has no right to take such an appeal.

Official referees, by the amendment effective April 23, 1931, are given the same power and authority as a justice presiding at a Special Term of the Supreme Court except that there was no provision for an appeal from his order. There is a direct statutory authority for an appeal from an order made at Special Term. (Civ. Prac. Act, § 609.)

The remedy of the defendant for the refusal of the referee to insert in the case the matters proposed by him was not by appeal from the decision made by the referee on the settlement of the case. No such appeal is known in practice, or authorized by any law. The proper remedy was by motion to the court below, before the argument of the appeal from the judgment, to compel the referee, in settling the case, to insert such part of the proposed matter as related to the points or claims alleged to have been actually made upon the trial before him and to send the case back to him for further findings if it should be made to appear that they were necessary to a proper review of the judgment. (*Lefler* v. *Field*, 47 N. Y. 408; *Van Slyke* v. *Hyatt*, 46 id. 259.)

The order of the Special Term denying the defendant, appellant's motion for an order remitting the case on appeal to the official referee for resettlement by including in the case the original summons and complaint stricken therefrom by order of the referee, dated June 23, 1932, is reversed and the case should be remitted to the official referee for resettlement by including in the case on appeal the original summons and complaint stricken therefrom by order of said referee, with costs to the defendant, appellant.

The appeal from the order of the official referee should be dismissed.

Van Kirk, P. J., Hinman, Hill and Rhodes, JJ., concur.

Order of the Special Term reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Appeal from order of official referee dismissed.