■ CROW-CRIMMINS-WOLFF & MUNIER, Respondent, v COUNTY OF WESTCHESTER, Appellant, and AETNA CASUALTY AND SURETY Co. et al., Additional Counterclaim Defendants-Respondents.

872

CROW-CRIMMINS-WOLFF & MUNIER, Third-Party Plaintiff; GREE-
LEY AND HANSEN ENGINEERS, Third-Party Defendant-Appellant.
(And Another Action.)

Under chapter 840 of the Laws of 1983, the Legislature established a system whereby a former Judge may be designated as a judicial hearing officer to serve as a referee with respect to various judicial proceedings (*see,* Judiciary Law § 850 *et seq.;* Rules of the Chief Administrator of the Courts, 22 NYCRR part 122). CPLR 3104 was amended by the 1983 legislation to permit the court in which an action is pending to designate a judicial hearing officer to serve as a referee to supervise all or part of any disclosure procedure (CPLR 3104 [b], as amended by L 1983, ch 840, § 3). Subdivision (d) of that section sets forth the exclusive method of review of an order "made * * * by a referee" designated to supervise disclosure: "The application *shall* be by motion made in the court in which the action is pending within five days after the order is made" (emphasis added). There is no

statutory exception authorizing an appeal directly to this court from a discovery order made under CPLR 3104 by a referee who is a judicial hearing officer (*see, Matter of Westchester Tit. & Trust Co.*, 260 App Div 1055). The law is clear that "[t]he right to appeal is statutory and cannot be inferred by implication or construction; it has to be by direct grant of the right to appeal, and until that right is granted the litigant has no right to take such an appeal" (*Johnson v International Harvester Co.*, 236 App Div 618, 620). The specific language of CPLR 3104 (d) mandating review in the court in which the action is pending precludes this court from entertaining a direct appeal from an order of a judicial hearing officer designated as a referee to supervise disclosure. Accordingly, the appeals from the order entered October 2, 1984 and the two orders entered August 2, 1984 as amended by the order entered October 2, 1984 are dismissed.

The order of Justice Gagliardi, entered October 17, 1984 confirmed the portions of the judicial hearing officer's order entered October 2, 1984 from which the county purports to appeal. Hence, we have reviewed those provisions. We conclude that under the circumstances of this case, and in light of the history of the discovery disputes between the parties, it was not an abuse of discretion to direct the county to microfilm plaintiff's documents. This mode of copying would enable the documents to be copied at plaintiff's facility, thereby eliminating the disputes surrounding the county's removal of the documents from the facility. It was also reasonable to direct the county to keep and make available to plaintiff a list of the documents copied. Finally, under the particular circumstances herein, and especially in light of the inordinate delay in discovery occasioned by the county's conduct, we cannot say that the trial court abused its discretion in imposing sanctions against the county's attorneys. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.