■ GRANZYNA KRYGIER, Individually and as Administratrix of the Estate of HENRYK KRYGIER, Deceased, Plaintiff, v AIRWELD, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. UNION CARBIDE CORPORATION, Third-Party Defendant-Respondent. (And Other Titles.)—In an action to recover damages for personal injuries and wrongful death, etc., the defendant Airweld, Inc., appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated February 26, 1990, which, *inter alia,* denied its motion to vacate a confidentiality order of the same court dated November 4, 1988.

■ GRANZYNA KRYGIER, Individually and as Administratrix of the Estate of HENRYK KRYGIER, Deceased, Respondent, v AIRWELD, INC., et al., Appellants, AIRCO, INC., et al., Respondent, et al., Defendants.—In an action to recover damages for personal injuries and wrongful death, etc., the defendants Union Carbide Corporation and Airweld, Inc., separately appeal from (1) stated portions of an order of the Supreme

Court, Kings County (Rader, J.H.O.), dated August 15, 1989, which, *inter alia,* granted the plaintiff's motions for a protective order, and (2) an order of the some court (Aronin, J.), dated January 16, 1990, which, *inter alia,* denied their motions to vacate the order dated August 15, 1990.

Ordered that the appeals from the order dated August 15, 1989, are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated January 16, 1990, is modified, on the law, by deleting the provision thereof which provides for compensation of the Judicial Hearing Officer as a special referee; as so modified, the order dated January 16, 1990, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The order dated August 15, 1989, was made by a Judicial Hearing Officer who had been assigned the task of supervising certain aspects of pretrial discovery in the present case *(see,* CPLR 3104 [a]). Such an order is not appealable *(see, Crow-Crimmins-Wolff & Munier v County of Westchester,* 110 AD2d 871). Thus, the appeals from the order dated August 15, 1989, are dismissed.

In its order dated January 16, 1990, the Supreme Court improperly failed to review the merits of the various determinations made by the Judicial Hearing Officer *(see,* CPLR 3104 [d]). However, this error does not require remittitur, because this court may exercise all of the legal, factual and discretionary review powers which the Supreme Court incorrectly failed to exercise. In so doing, we conclude that neither appellant has sufficiently demonstrated that the disclosure which it seeks is reasonably likely to lead to the discovery of evidence relevant to the action *(see, e.g., Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420, 421).

The Supreme Court erred in determining that the Judicial Hearing Officer should be paid his "reasonable expenses". Pursuant to CPLR 3104 (e), such "reasonable expenses" are to be paid to referees assigned to supervise pretrial disclosure "[e]xcept where a judicial hearing officer has been designated a referee hereunder". Since this proviso to CPLR 3104 (e), is clearly applicable in the present case, the Judicial Hearing Officer must seek his compensation elsewhere *(see,* 22 NYCRR 122.8). The order dated January 16, 1990, is modified accordingly. Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.