■ LAWRENCE H. MORSE, INC., et al., Appellants, v ROBERT J. ANSON, SR., et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 10, 1991 in Ulster County, which, inter alia, denied plaintiffs' motion for a preliminary injunction.

In December 1989, defendant Robert J. Anson, Sr., an

employee, officer and one-third shareholder of plaintiff Lawrence H. Morse, Inc. (hereinafter the corporation), terminated his employment and sought to resell his stock to the corporation. Plaintiffs commenced this action seeking a declaration of the value of Anson's stock and money damages allegedly resulting from Anson's unauthorized use of the corporation's equipment and simultaneously moved for a preliminary injunction precluding Anson's use of the tools and equipment of the corporation. Supreme Court denied the motion and plaintiffs appeal.

We affirm. A preliminary injunction may be granted only when the movant has demonstrated (1) a likelihood of ultimate success on the merits, (2) irreparable injury, and (3) a balancing of equities in the movant's favor (see, *Kensington Ct. Assocs. v Gullo,* 180 AD2d 888, 889; see also, *Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Doe v Axelrod,* 73 NY2d 748, 750). It is also well settled that, within the purview of CPLR article 63, an "irreparable injury" is one which may not be compensated by an award of money damages (see, *Fischer v Deitsch,* 168 AD2d 599, 601; *Haulage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863, 864). In their complaint, plaintiffs seek only an award of money damages for Anson's claimed unauthorized use of the corporate property, thereby acknowledging that they may be made whole by an award of damages. In the absence of a showing of irreparable injury, the motion was properly denied. Under the circumstances, we need not address the parties' remaining contentions.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.