■ LORRAINE M. MONTOUR, Respondent, v GUILFORD WHITE et al., Individually and as C & W ENTERPRISES, et al., Appellants, et al., Defendant. [622 NYS2d 371] —Yesawich Jr., J. Appeal from an order and amended order of the Supreme Court (Plumadore, J.), entered October 26, 1993 and May 19, 1994 in Franklin County, which, *inter alia,* granted a preliminary injunction prohibiting certain defendants from selling or disposing of certain business assets known as the Mohawk Bingo Palace and the Crystal Room.

In 1989, defendants Basil Cook and Guilford White, members of the St. Regis Mohawk Tribe, doing business as C & W Enterprises, a partnership (hereinafter defendants), began operating a business known as the Mohawk Bingo Palace (hereinafter the Bingo Palace) on tribally owned reservation land to which they had been granted use and occupancy rights *(see, Terrance v Gray,* 171 App Div 11, 12-13). When, several months later, the business experienced a shortage of funds, plaintiff—a Mohawk Indian by birth, but not an enrolled member of the tribe—loaned defendants a total of $180,000, interest free, to be used to defray operating costs of the Bingo Palace.

Shortly thereafter, the parties signed a document, titled

"Letter of Intent", which states that plaintiff "would lend" $180,000 to C & W Enterprises, which was to be repaid to her, and would also become a 1/3 owner and equal partner in the partnership and the Bingo Palace. The document sets forth "agreed prices" for both the partnership and the Bingo Palace ($250,000 and $500,000, respectively), to be paid by plaintiff from her share of the profits of C & W Enterprises, and provides that she is not to be held personally liable for these amounts "above 80% of her profits of the business". It also refers to a land contract, in connection with property including the Bingo Palace itself, the land on which it stands and the parking lot, and provides for plaintiff to be compensated from the proceeds of a sale of the property in proportion to the amount she has paid toward the $500,000. From the wording of the document, it appears that the parties assumed that, if the business were to fail, the property would be sold, and that the amount realized from such a sale would be sufficient to satisfy any liabilities of the business. Thus, losses were not contemplated.

While plaintiff—who, believing that defendants were considering selling the Bingo Palace to a third party, commenced this action to recover, *inter alia,* a 1/3-share of the profits of the bingo operation and a deed conveying a 1/3-interest in the Bingo Palace business and property—considers this agreement a binding contract, defendants characterize it as nothing more than an "agreement to agree" which was never finalized. Plaintiff's motion for a preliminary injunction prohibiting defendants from transferring any of the assets of the business was granted, and defendants, who acknowledge that plaintiff loaned them $180,000 but maintain that they repaid the loan and have fully satisfied their obligations, appeal.

Initially, we note that, contrary to defendants' assertions, jurisdiction over the subject matter of this suit has not been reserved to the Federal courts. While the Federal Indian Gaming Regulatory Act (25 USC § 2701 *et seq.)* does vest the Federal courts with exclusive jurisdiction over some gambling-related matters, including certain suits brought by an Indian tribe, a State or the Secretary of the Interior *(see,* 25 USC § 2710 [d] [7] [A]), these limitations do not apply to an action such as this, brought by an individual to enforce the terms of a private business agreement.

*With respect to* the merits, we are of the view that the preliminary relief sought by plaintiff is not warranted. To justify issuance of a preliminary injunction, the moving party must establish that it is likely to succeed on the merits, that it

will suffer irreparable harm if the relief is withheld, and that the balance of equities tips in its favor *(see, Doe v Axelrod,* 73 NY2d 748, 750; *First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926). Here, plaintiff has not countered defendants' showing that, as a nonmember of the tribe, she is not permitted to hold an interest in the land at issue; hence, she has not demonstrated a likelihood of success with respect to that portion of her complaint that seeks an interest in real property.

As for the remainder of plaintiff's claims, it is far from certain that she will be able to prove that the document upon which she relies actually accords her a partnership interest, given that it does not explicitly provide for sharing of losses, but rather contains language that may be interpreted as limiting plaintiff's liability in this regard *(see, Chanler v Roberts,* 200 AD2d 489, 491; *see also,* 15 NY Jur 2d, Business Relationships, § 1320, at 602). More important, though, and dispositive of the application at issue, is the fact that plaintiff has an adequate remedy at law for the breach of which she complains. Notably, plaintiff does not assert that she will not be sufficiently compensated by an award of money damages *(see, Elpac, Ltd. v Keenpac N. Am.,* 186 AD2d 893, 895; *Morse, Inc. v Anson,* 185 AD2d 505, 506; *Hendrickson v Saratoga Harness Racing,* 170 AD2d 719, 721), but only that the actions of defendants may make collecting those damages burdensome. There has been no convincing showing, however, that defendants are, or are likely to become, insolvent *(see, Grossman v Ball,* 195 AD2d 852, 854)—in fact plaintiff avers that defendants' business is now profitable—or take any action that might render plaintiff's claimed interest in the business less valuable. Under these circumstances, the issuance of an injunction is not appropriate *(see also, Rosenthal v Rochester Button Co.,* 148 AD2d 375, 376-377).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order and amended order are modified, on the law, with costs to defendants, to the extent that plaintiff's motion for a preliminary injunction is denied, and, as so modified, affirmed.