■ In the Matter of TERENCE WALSH, Appellant, v DESIGN CONCEPTS, LTD., et al., Respondents. [633 NYS2d 579] —In a

proceeding for the dissolution of a corporation and an accounting, the petitioner appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 2, 1994, which (1) denied his motion to (a) renew a prior order of the same court, dated June 23, 1993, directing him to keep all discovery in the instant proceeding confidential, and (b) enjoin Design Concepts, Ltd., from conducting any business without express leave of the court, and (2) granted the cross motion of Design Concepts, Ltd., and Bruce Zipes for a joint trial of the instant proceeding and another action also pending in the Supreme Court, Nassau County, entitled *Zipes v Walsh* (Index No. 6359/92), and to extend the confidentiality provision contained in the order dated June 23, 1993, to cover proceedings in *Zipes v Walsh*.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's assertion, the court did not improvidently exercise its discretion in granting a protective order proscribing the dissemination of information obtained via discovery. Pursuant to CPLR 3103 (former [a]) "[t]he court may at any time on its own initiative, or on motion of any [other] party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device". Its discretion in such matters is broad, and upon our review of the record we find that the court did not improvidently exercise its discretion *(see, Krygier v Airweld, Inc.,* 176 AD2d 701; *Kaplan v Herbstein,* 175 AD2d 200; *Fischer v Deitsch,* 168 AD2d 599; *McLaughlin v G. D. Searle, Inc.,* 38 AD2d 810).

Furthermore, the court did not err in denying the petitioner's motion for a preliminary injunction. It is well settled that in order to obtain a preliminary injunction a movant must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable harm unless the injunction is granted, and (3) that the equities are balanced in its favor *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Grant Co. v Srogi,* 52 NY2d 496, 517; *NCN Co. v Cavanagh,* 215 AD2d 737; *Fischer v Deitch, supra,* at 600). "Irreparable injury, for purposes of equity, has been held to mean any injury for which money damages are insufficient" *(McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 174; *see also, Jurlique, Inc. v Austral Biolab Pty.,* 187 AD2d 637; *Lawrence H. Morse, Inc. v Anson,* 185 AD2d 505; *Fischer v Deitch, supra,* at 600). In the case at bar, where, *inter alia,* sharp issues of fact are presented, and compensation is available in the form of money damages, the petitioner failed to meet his burden.

The petitioner's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.