■ Justin Page, Respondent, v Muze, Inc., et al., Appellants. [677 NYS2d 486] —In an action, *inter alia,* to recover damages for breach of an employment agreement, the defendants appeal from (1) an order of the Supreme Court, Kings County (Ramirez, J.), dated August 7, 1997, which denied their application to require the plaintiff to stipulate that certain "confidential" documents only be used in connection with this litigation, and (2) so much of an order of the same court (Garson, J.), dated September 24, 1997, as denied that branch of their motion which was to maintain all documents and transcripts of depositions produced by the parties in this action as confidential.

Ordered that the order dated August 7, 1997, is affirmed; and it is further,

Ordered that the order dated September 24, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The determination as to the terms and provisions of discovery, and the prevention of abuse by protective orders pursuant to CPLR 3103, rests in the sound discretion of the court to which the application has been made (*see, Matter of Walsh v Design Concepts,* 221 AD2d 454; *Krygier v Airweld, Inc.,* 176 AD2d 701). Upon our review of the record, we find that the court did not improvidently exercise its discretion in denying the relief requested by the defendants. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.