■ FERNANDO PEREIRA et al., Respondents, v NAB CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [681 NYS2d 583] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated December 1, 1997, which granted the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and denied those branches of its cross motion which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law § 240 (1) and, upon allowing the plaintiff to serve a third supplemental bill of particulars, so much of the complaint as alleged violations of Labor Law § 241 (6).

Ordered that the order is affirmed, with costs.

The plaintiff Fernando Pereira was injured while preparing the Brooklyn Bridge for sandblasting and painting. At the time the injury occurred, he was working on beams on the bridge.

Since there is no logical connection between the alleged wrong and the navigable waters, we conclude that there is no maritime nexus and, therefore, no preemption of the Labor Law by the Federal Maritime Law (*see, Tompkins v Port of N. Y. Auth.,* 217 AD2d 269). Accordingly, the trial court did not err in granting the plaintiffs' motion for partial summary judgment pursuant to Labor Law § 240 (1), and in denying that branch of the defendant's cross motion which was to dismiss so much of the complaint as alleged a violation thereof.

In the absence of prejudice, permission to amend the bill of particulars shall be freely given (*Smith v Hovnanian Co.,* 218 AD2d 68). Here, the defendant has failed to demonstrate prejudice. Therefore, the Supreme Court did not err in allowing the plaintiffs to serve a third supplemental bill of particulars alleging specific violations of the Industrial Code. Accordingly, that branch of the defendant's cross motion which was to dismiss so much of the complaint as alleged a violation of Labor Law § 241 (6) was properly denied. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.