■ JEHAN DeSILVA, Appellant, v STUART T. ROSENBERG et al., Respondents, et al., Defendant. [690 NYS2d 616] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 1, 1998, which denied his motion to vacate a certification order dated January 21, 1998, or in the alternative, to extend his time to place the matter on the trial calendar and to direct the defendants Stuart T. Rosenberg and Karl M. Neimand to provide additional handwriting exemplars.

Ordered that the order is affirmed, with costs.

Recently, this Court noted that "[t]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court * * * and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion, *inter alia,* to compel the defendants Stuart T. Rosenberg and Karl M. Neimand to provide further discovery in the form of additional handwriting exemplars (*see,* 22 NYCRR 202.21 [d]; *Scocozza v Tolia,* 254 AD2d 475; *Dittert v Oak Tree Farm Dairy,* 249 AD2d 356). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.