■ Louis J. Schobel et al., Respondents, v Anthony M. Godwin et al., Defendants, Super Seer Corporation, Doing Business as Super Seer Helmet Company, Appellant, and City of New York, Respondent. [696 NYS2d 420] —In an action to recover damages for personal injuries, etc., the defendant Super Seer Corporation d/b/a Super Seer Helmet Company appeals from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated August 21, 1998, which, inter alia, granted the motion of the defendant City of New York to strike a notice to admit dated May 29, 1997, and (2) so much of an order of the same court, dated September 11, 1998, as granted its motion to compel the plaintiffs to answer certain interrogatories only to the extent of precluding the plaintiffs from offering evidence at the trial as to liability beyond their response to interrogatory number 1 and those other interrogatory responses which refer back to that interrogatory, and granted the motion by the defendant City of New York, inter alia, for a protective order regarding interrogatories dated May 4, 1998.

Ordered that the order dated August 21, 1998, is affirmed; and it is further,

Ordered that the order dated September 11, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs and the defendant City of New York are awarded one bill of costs payable by the appellant.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its broad discretion in supervising and setting reasonable limits for discovery (see generally, DeSilva v Rosenberg, 261 AD2d 503; Mattocks v White Motor Corp., 258 AD2d 628; Page v Muze, Inc., 253 AD2d 744; Matter of Walsh v Design Concepts, 221 AD2d 454; see, DeSilva v Rosenberg, 236 AD2d 508, 509; Mijatovic v Noonan, 172 AD2d 806; Hyde v Chrysler Corp., 150 AD2d 343). Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.