■ TYLER BLIGEN et al., Respondents-Appellants, v MARKLAND ESTATES, INC., et al., Appellants-Respondents, and U.S. MANAGE-

MENT, LLC, Respondent. [773 NYS2d 906]—In an action to recover damages for personal injuries, etc., the defendants Markland Estates, Inc., and Jay Silva appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 17, 2003, as denied their motion to strike the plaintiffs' supplemental bill of particulars dated April 30, 2002, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied their cross motion to strike the answer of the defendant U.S. Management, LLC, and, sua sponte, granted the defendants Markland Estates, Inc., and Jay Silva a protective order with respect to items 16, 29, 42, and 45 of the plaintiffs' notice of discovery and inspection dated October 26, 1998.

Ordered that on the Court's own motion, the notice of cross appeal from so much of the order as, sua sponte, granted the defendants Markland Estates, Inc., and Jay Silva a protective order with respect to items 16, 29, 42, and 45 of the plaintiffs' notice of discovery and inspection dated October 26, 1998, is treated as an application for leave to cross-appeal from that portion of the order, and leave to cross-appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In the absence of prejudice, permission to amend a bill of particulars shall be freely given (see Smith v Hovnanian Co., 218 AD2d 68 [1995]). Here, Markland Estates, Inc., and Jay Silva failed to demonstrate prejudice. Therefore, the Supreme Court properly allowed the plaintiffs to serve a third supplemental bill of particulars (see Pereira v NAB Constr. Corp. 256 AD2d 395 [1998]).

The determination as to the terms and provisions of discovery, and the prevention of abuse by protective orders pursuant to CPLR 3103, rests in the sound discretion of the court (see Page v Muze, Inc., 253 AD2d 744 [1998]). The Supreme Court providently exercised its discretion in denying the relief requested by the plaintiffs (see Cabrera v Allstate Indem. Co., 288 AD2d 415 [2001]).

The plaintiffs' remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.