OPINION OF THE COURT
Joseph J. Maltese, J.
Without warning, on February 21, 2003 an earthquake force of a gasoline barge exploded at Port Mobil in Staten Island, New York, which knocked people down, shattered windows, unhinged doors miles away, and sent chunks of metal flying into the air.[1] The explosion and subsequent fire destroyed Petroleum Barge B. No. 125 (hereinafter referred to as the barge). The Port Mobil terminal suffered damage from the explosion and subsequent fire. Chips of burnt material the size of quarters rained down upon the roofs and patios as the spectacular inferno sent thousands of panicked residents into the streets.[2] The explosion claimed the lives of two crew members and severely injured a dock worker.
The plaintiff, Stephen Pierno, a New York City police officer, was injured when he tripped and fell on snow and ice which had accumulated on an alleged cracked and defective driveway leading into the Port Mobil facility while responding to the explosion, which is the subject matter of this case.
The barge was owned and operated by Bouchard Transportation Co., Inc. (hereinafter Bouchard). Immediately after the explosion, Bouchard filed an action in the United States District Court for the Eastern District of New York for the limitation or exoneration of liability for damages caused as a result of the explosion pursuant to 46 USC Appendix § 183, which limits the liability of the owner of the vessel to the salvage value of the vessel. In a case where the value of the vessel is insufficient for payment of losses with respect to loss of life or bodily injury, the minimum value will be set at $420 per ton of the vessel. Mobil filed a claim and answer in the United States District Court seeking damages from Bouchard.
Defendants, Bouchard Transportation Co., Inc. and B. No. 125 Corporation, have moved to dismiss this Supreme Court *164 complaint against them on the grounds that the claim is duplicative and was filed in the wrong court. In the alternative, the defendants seek a stay with respect to all claims against them until the United States District Court for the Eastern District of New York resolves the limitation on liability proceeding filed in that court.[3]
Defendant, Bouchard Coastwise Management Corp., has moved for summary judgment or in the alternative for a dismissal of the complaint against them. Additionally, they move for a protective order regarding the numerous discovery requests made by defendant Mobil Oil Corporation (hereinafter referred to as Mobil or ExxonMobil).
Mobil opposes all motions made by the above-mentioned defendants. The plaintiff did not submit papers with respect to this motion and took no position.
• Subsequent to Mobil filing its claim and answer, Bouchard and Mobil entered into a settlement agreement in which Bouchard agreed to pay Mobil a sum of $25 million for the release of all claims that Mobil may have against Bouchard arising from the explosion of the barge on February 21, 2003. Specifically, at paragraph 4 of the settlement agreement, Bouchard and Mobil agreed that:
“Nothing in the mutual releases granted in this Paragraph 4 may be construed as preventing Exxon-Mobil from impleading Bouchard in any action filed against ExxonMobil by a third party (including without limitation, limitation claimants and employees of either of the parties alleging damages suffered on an individual basis) as a result of the explosion of the B. No. 125.”
The papers submitted by Mobil stated that the claim by the plaintiff in this action for the personal injuries sustained at Port Mobil is exactly the type of claim that is contemplated in paragraph 4 of the settlement agreement. This court agrees.
However, the issue on the underlying motion is not whether the plaintiffs have the right to bring suit against Mobil, which in turn impleaded Bouchard; instead, it is whether or not this court may adjudicate those claims. Defendant Bouchard claims that this New York State Supreme Court cannot adjudicate the plaintiffs’ claims because a limitation of liability proceeding was *165 commenced in the Eastern District and all claims pertaining to the potential limitation must therefore be adjudicated in the United States District Court under 28 USC § 1333, which states in part:
“The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
“(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.”
While it may appear that the statute would give exclusive jurisdiction over any case that rests in admiralty to the federal courts, the federal Judiciary Act (28 USC § 1333) “vests original jurisdiction of all admiralty and maritime cases concurrently in the Federal District and State courts.” (Lerner v Karageorgis Lines, 66 NY2d 479, 484 [1985].) However, in adjudicating maritime cases, state courts “are bound to apply Federal law in such disputes in order to secure a single and uniform body of maritime law.” (Matter of Rederi [Dow Chem. Co.], 25 NY2d 576, 581 [1970].) Therefore, this court has jurisdiction to adjudicate the underlying action.
Bouchard also states that the continued adjudication of the case in this state court would be in violation of the order signed by Judge Sterling Johnson of the Eastern District on September 30, 2003, which states in paragraph 6 that “[t]he commencement or further prosecution of any and all actions, suits or proceedings in any jurisdiction of the United States against plaintiffs or against the B. No. 125 with respect to any claims subject to limitation in this action, are hereby stayed and enjoined until resolution of this action.”[4]
Bouchard’s memorandum of law points out that it is hornbook admiralty law that “once the limitation action has been filed, the district court ‘shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiffs property with respect to any claim subject to the limitation in this action.’ All potential claimants must then file their claims against the shipowner in the limitation action.” (Complaint of Great Lakes Dredge & Dock Co., 895 F Supp 604 [ED NY 1995].)
In that case, a tugboat owned by Great Lakes was pushing nine scows owned by the Lone Star Company on the Hudson River. The scows collided with a pleasure boat and killed Edward *166 Palmer and James Edward Palmer and seriously injured James J. Palmer. Both Great Lakes and Lone Star filed limitation claims in the United States District Court for the Eastern District of New York. Karen Palmer filed separate claims against Great Lakes and Lone Star as the administratrix of her husband Edward Palmer’s estate. Jeannie Palmer filed separate claims against Great Lakes and Lone Star as the administratrix of her husband James Edward Palmer’s estate. The claims by both administratrices[5] were identical as to Great Lakes and Lone Star and, therefore, the District Court ordered the limitation proceeding and the wrongful death actions to be consolidated and adjudicated in one case. This, of course, was possible due to the fact that all of the claims were originally filed in the United States District Court.
In the case at bar, the plaintiffs’ underlying cause of action lies not in admiralty or maritime law, but rather in negligence and premises liability. At the time of incident, Stephen Pierno was a New York City police officer. He claims that he was responding to Port Mobil, due to the explosion, when he slipped and fell on ice that had accumulated on an allegedly cracked and defective driveway of the gate of Port Mobil. That fall on snow and ice caused him to sustain injuries, not the explosion of the petroleum barge.
The Legislature of the State of New York has extended to police officers an additional cause of action in negligence against other persons, like property owners, for injuries sustained in the course of their employment pursuant to General Municipal Law § 205-e (1) which provides:
“[I]n the event any accident, causing injury ... occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury . . . shall be liable to pay any officer ... a sum of money, in case of injury to person, not less than one thousand dollars.”
*167 The Court of Appeals has stated that an “expansive interpretation is consistent with the over-all goal of this legislation, as demonstrated by the Legislature through its numerous amendments to the statute” (Schiavone v City of New York, 92 NY2d 308, 317 [1998]). In following with the expansive interpretation of the statute, this court would be remiss in dismissing the underlying premises liability action due to the fact the police officer was on Port Mobil’s premises while responding to a maritime explosion. The plaintiffs did not sue Bouchard as the vessel owner; they sued Mobil as owner of the land upon which he fell. By dismissing this action, this court would severely restrict the rights of all “land-based” first responders, be they police officers, fire fighters, or emergency medical personnel, when they are injured on land responding to a maritime emergency.
Additionally, federal maritime law does not preempt the New York general maritime law which gives the plaintiff a statutory right to bring suit against Mobil for the injuries sustained on Mobil’s property as there is no “logical connection between the alleged wrong and the navigable waters, [and thus,] there [was] no maritime nexus” (Pereira v NAB Constr. Corp., 256 AD2d 395, 395 [2d Dept 1998]). In the case at bar, the plaintiffs’ suit against Mobil is for the injuries sustained as a result of tripping and falling on an alleged cracked and defective driveway and not the negligence which caused the explosion of the Barge B. No. 125.
The Court of Appeals has held that “[i]n assessing whether the State rule is preempted, a number of factors may be considered, including whether the State rule conflicts with Federal law, hinders uniformity, makes substantive changes, or interferes with the characteristic features of maritime law or commerce.” (Cammon v City of New York, 95 NY2d 583, 588 [2000].) In Cammon, the plaintiff was a dock builder foreman who was injured while repairing a wooded fender system at the Hunts Point Sanitation Department Transfer Station barge dock. Plaintiff commenced an action in Supreme Court, alleging violations of New York Labor Law §§ 200, 240 (1) and § 241 (6) against the City of New York and the general contractor who was hired to perform the repairs of the fender system. The defendants moved for summary judgment on the grounds that to impose state liability standards where admiralty jurisdiction exists would disrupt the uniformity of federal maritime law. The plaintiff opposed the motion by arguing that federal maritime law does not preempt his Labor Law claims because there is no *168 federal law or interest directly impacted by their implementation. Additionally, the plaintiff argued that “New York has an important interest in regulating safe construction practices within its borders and that there is a presumption against restricting exercise of its police powers to protect the health and safety of its citizens.” (Cammon at 587.) The Court of Appeals held that the state application of strict liability here would not “unduly interfere . . . with the federal interest in maintaining the free flow of maritime commerce” (at 589) and allowed the plaintiff to continue his suit under New York’s Labor Law.
In the present case, the plaintiff has filed suit under New York General Municipal Law § 205-e (1), which permits police officers to bring suit against premises owners for injuries sustained in the line of duty due to the negligence of the premises owner. Like Cammon, the prosecution of this action under New York law would not disrupt the uniformity of federal maritime law. Additionally, the application of the General Municipal Law would not unduly interfere with the federal interest in maintaining the free flow of maritime commerce. As such, this court rules that the plaintiffs’ claim is not barred by Judge Sterling Johnson’s order requiring all claims against the limitation be brought in the United States District Court for the Eastern District of New York by September 30, 2003 as well as his order staying all actions against Bouchard and B. No. 125 Corporation until the resolution of the limitation action.
Defendant, Bouchard Coastwise Management Corp. (Coast-wise), has moved for summary judgment or in the alternative to dismiss the complaint against them. In doing so, they rely upon the affidavit of Morton S. Bouchard, III in which he swears that Coastwise never owned, controlled, managed, maintained or operated the Barge B. No. 125. In opposition, Mobil argues that it is premature to dismiss or grant summary judgment based on a single affidavit from the chief executive office of Coastwise, in light of the fact that they have not been able to conduct any discovery as to how Coastwise fits into the Bouchard corporate structure or what relationship, if any, it has with the Barge B. No. 125. Additionally, Mobil claims that efforts to gain insight into the Bouchard corporate structure during the federal limitation proceeding were stymied by the invocation of the Fifth Amendment right against self-incrimination by all of the Bouchard executives called to testify.
The Court of Appeals has firmly established the applicability of the summary judgment doctrine to negligence actions where *169 there are no triable questions of fact: “[W]hen there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims properly adjudicated.” (Blechman v Peiser’s & Sons, 186 AD2d 50, 51 [1st Dept 1992], quoting Andre v Pomeroy, 35 NY2d 361, 364 [1974].)
However, in the case at bar the lack of discovery makes it virtually impossible for this court to decide if there are triable issues of fact which would prevent summary judgment on behalf of Coastwise. Therefore, the court must deny Bouchard’s motion for summary judgment.
Defendant, Coastwise, also moves for a protective order pursuant to CPLR 3103 (a) claiming that the demand for discovery and inspection, dated October 6, 2004, in which Mobil demands the production of 157 documentary items is “designed to cause defendants annoyance, expense and disadvantage.” (Affirmation of Patrick Bonner 1Í1Í 23-24.) Furthermore, Coastwise claims that these have been previously demanded in the federal limitation of liability action pending in the United States District Court.
CPLR 3101 (a) provides that:
“There shall be full disclosure of all matter material and necessary . . . by:
“(1) a party . . . [and]
“(2) a person who possessed a cause of action or defense asserted in the action.”
The proponent of a motion for a protective order must make an appropriate factual showing to be entitled to such relief. (Willis v Cassia, 255 AD2d 800 [3d Dept 1998].) In the case at bar, Coastwise has failed to meet that burden. Therefore, this court must deny Coastwise’s motion for a protective order pursuant to CPLR 3103 (a) with respect to the demand for discovery and inspection, dated October 6, 2004.
Accordingly, it is hereby ordered that the defendants Bouchard Transportation Co., Inc. and B. No. 125 Corporation’s motion to dismiss the complaint because the claim is duplicative and is filed in the wrong court, or in the alternative to stay all claims pending resolution of the limitation on liability proceeding in the United States District Court for the Eastern District of New York is denied; and it is further ordered that the defendant Bouchard Coastwise Management Corp.’s motion for sum *170 mary judgment, or in the alternative to dismiss the complaint against it is denied; and it is further ordered that the defendant Bouchard Coastwise Management Corp.’s motion for a protective order pursuant to CPLR 3103 (a) is also denied.

. Robert D. McFadden, The Barge Blast: The Overview, New York Times, Feb. 22, 2003, section B (Metropolitan), at 1.

. Andrew Jacobs, The Barge Blast: Jitters, New York Times, Feb. 22, 2003, section B (Metropolitan), at 7.

. The limitation on liability proceeding was filed in the District Court for the Eastern District of New York on February 24, 2003 under index No. 03-CV-894.

. Note that Bouchard was the plaintiff in the limitation or exoneration of liability proceeding in the Eastern District.

. Webster’s Encyclopedic Unabridged Dictionary of the English Language (Gramercy Deluxe ed 1996).