■ GARY MAR et al., Respondents, v LIQUID MANAGEMENT PARTNERS, LLC, et al., Appellants. [880 NYS2d 647]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated October 1, 2007, which, upon a decision of the same court dated June 20, 2007, granted the plaintiffs' motion for a preliminary injunction prohibiting them from competing with the plaintiffs by distributing certain beverage products in specified territories, and compelling them to sell such beverage products to the plaintiffs.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for a preliminary injunction prohibiting the defendants from competing with the plaintiffs by distributing certain beverage products in specified territories, and compelling the defendants to sell such beverage products to the plaintiffs is denied.

The plaintiff Arctic Beverage Distribution, LLC (hereinafter Arctic), is in the business of distributing Liquid Ice Energy Drink, a product manufactured and supplied by the defendant Liquid Management Partners, LLC (hereinafter LMP). Accord-

ing to the plaintiffs, Arctic was formed as the successor corporation to nonparty Specialty Beverage, LLC (hereinafter Specialty), and succeeded to Specialty's exclusive right to distribute Liquid Ice Energy Drink in a specified territory, which arose from a distribution agreement between LMP's predecessor corporation and Specialty. The plaintiffs claim that the defendants breached the distribution agreement by distributing the product within the specified territory, and by refusing to sell the product to them. The plaintiffs commenced the instant action, seeking, among other things, damages for breach of contract, and moved for a preliminary injunction prohibiting the defendants from distributing the product within the plaintiffs' exclusive territory and compelling the defendants to sell them the product. The Supreme Court granted the motion, and the defendants appeal.

Where the plaintiffs can be fully compensated by a monetary award, an injunction will not issue because no irreparable harm will be sustained in the absence of such relief (*see Dana Distribs., Inc. v Crown Imports, LLC,* 48 AD3d 613, 613-614 [2008]; *1659 Ralph Ave. Laundromat Corp. v Ben David Enters.,* 307 AD2d 288, 288-289 [2003]; *Price Paper & Twine Co. v Miller,* 182 AD2d 748, 750 [1992]). The plaintiffs argue on appeal that they demonstrated a risk of "injury for which monetary damages will be inadequate" by showing that the failure to grant a preliminary injunction will likely result in the dissolution of their business. However, in their complaint, they seek nothing more than monetary damages. Accordingly, the plaintiffs have effectively acknowledged that they will be fully compensated by obtaining such damages, and thus are not entitled to a preliminary injunction (*see Lawrence H. Morse, Inc. v Anson,* 185 AD2d 505, 506 [1992]; *see also Credit Index v RiskWise Intl.,* 282 AD2d 246, 247 [2001]; *SportsChannel Am. Assoc. v National Hockey League,* 186 AD2d 417, 418 [1992]; *Haulage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863, 864 [1980]).

Moreover, the plaintiffs failed to explain in what manner, or by what mechanism, it is claimed that Arctic became the successor to Specialty, and thus, succeeded to Specialty's rights under the distribution agreement. Nor does the evidence submitted by the plaintiffs clarify the grounds for the claimed succession. As such, the plaintiffs failed to meet their burden of demonstrating a likelihood of success on the merits of their complaint (*see generally Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.,* 50 AD3d 1072, 1073 [2008]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.