■ DEBORAH ETZION, Appellant, v RAFAEL ETZION et al., Respondents. [924 NYS2d 437]—

In an action, inter alia, to recover damages for fraudulent misrepresentation in connection with negotiations relating to a stipulation of settlement dated June 8, 2005, which was incorporated, but not merged, into a judgment of divorce referable to the plaintiff former wife and the defendant former husband, Rafael Etzion, dated August 16, 2005, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Tannenbaum, R.), entered May 24, 2010, as denied her motion, in effect, to vacate the original determination in an order dated January 4, 2010, limiting discovery to documents generated and events occurring between January 1, 2004, and March 22, 2005.

Ordered that the appeal is dismissed, without costs or disbursements.

Both the underlying order dated January 4, 2010, limiting discovery, as well as the order appealed from, which denied the plaintiff's motion, in effect, to vacate the determination set forth in the order dated January 4, 2010, were made by a referee whom the parties had stipulated would be assigned the task of supervising pretrial discovery in this action (*see* CPLR 3104 [b]). Pursuant to CPLR 3104 (d), a party may make a motion seeking review of a referee's order regarding discovery, which "shall be . . . made in the court in which the action is pending within five days after the order is made." The record indicates that the plaintiff did not seek review, by the trial court, of either the order dated January 4, 2010, or the order appealed from, as required by CPLR 3104 (d). "The specific language of CPLR 3104 (d) mandating review in the court in which the action is pending precludes this court from entertaining a direct appeal from an order of a judicial hearing officer designated as a referee to supervise disclosure" (*Crow-Crimmins-Wolff & Munier v County of Westchester*, 110 AD2d 871, 873 [1985]). Accordingly, the appeal must be dismissed (*see Krygier v Airweld, Inc.*, 176 AD2d 701 [1991]; *Crow-Crimmins-Wolff & Munier v County of Westchester*, 110 AD2d at 872-873; *Matter of Westchester Tit. & Trust Co.*, 260 App Div 1055 [1940]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.