■ EAST END LABORATORIES, INC., et al., Respondents-Appellants, v ALTAIRE PHARMACEUTICALS, INC., et al., Appellants-Respondents. [955 NYS2d 348]—

In an action, inter alia, to recover damages for tortious interference with contract, conversion, assault, battery, and unlawful imprisonment, the defendants appeal (1), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Sutherland, Ct. Atty. Ref.), dated March 23, 2010, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike their counterclaims on the ground, among others, that they willfully disobeyed orders directing disclosure, and (2), as limited by their brief, from stated portions of an order of the same court (Emerson, J.) dated January 11, 2011, which, inter alia, denied, as untimely, their motion, in effect, pursuant to CPLR 3104 (d) to vacate so much of the order dated March 23, 2010, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike their counterclaims, and the plaintiffs cross-appeal from stated portions of the order dated March 23, 2010.

Ordered that the appeal and the cross appeal from the order dated March 23, 2010, are dismissed; and it is further,

Ordered that the order dated January 11, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Since no direct appeal lies from an order of a court attorney

referee appointed to supervise disclosure pursuant to CPLR 3104, the appeal from the order dated March 23, 2010, must be dismissed (*see Etzion v Etzion*, 84 AD3d 1014, 1015 [2011]; *Continental Ins. Co. v Northberry Concrete Corp.*, 156 AD2d 419 [1989]). Moreover, since the plaintiffs' brief fails to set forth any arguments regarding the portions of the order dated March 23, 2010, that were cross-appealed from, we must dismiss the plaintiffs' cross appeal as abandoned (*see Ellner v Schwed*, 48 AD3d 739, 740 [2008]; *Matter of Goldweber & Hershkowitz v Digsby*, 32 AD3d 853, 854 [2006]).

The Supreme Court properly denied, as untimely, the defendants' motion, in effect, pursuant to CPLR 3104 (d) to vacate so much of the order dated March 23, 2010, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike their counterclaims. Pursuant to CPLR 3104 (d), a party may make a motion seeking review of a referee's order regarding discovery, and such motion "shall be . . . made in the court in which the action is pending within five days after the order is made" (*see Etzion v Etzion*, 84 AD3d 1014, 1015 [2011]). Here, the defendants made their motion, in effect, pursuant to CPLR 3104 (d) on April 29, 2010. Since the defendants did not seek review of the order dated March 23, 2010, within five days after that order was made, as required (*see* CPLR 3104 [d]; *CIT Project Fin. v Credit Sussie First Boston LLC*, 7 Misc 3d 1002[A], 2005 NY Slip Op 50406[U] [2005]; *cf. Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917, 923 [2010]), the Supreme Court properly denied, as untimely, the defendants' motion, in effect, pursuant to CPLR 3104 (d). In any event, considering that the defendants, among other things, repeatedly failed to comply with the plaintiffs' discovery demands and spoliated evidence needed by the plaintiffs to defend against the defendants' counterclaims, it was not an improvident exercise of discretion to grant that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' counterclaims (*see Howe v Jeremiah*, 51 AD3d 975, 975-976 [2008]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]). Eng, P.J., Balkin, Leventhal and Chambers, JJ., concur.