Bottini v Bottini (2018 NY Slip Op 05664)





Bottini v Bottini


2018 NY Slip Op 05664


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-08353
2015-08356
2015-08357
2015-09076
2015-09077
2015-09078
 (Index No. 3222/11)

[*1]Sheila Bottini, appellant, 
v
Anthony R. Bottini, Jr., defendant-respondent; Bottini Holdings, Inc., et al., nonparty-respondents.


Sheila Bottini, Poughkeepsie, NY, appellant pro se.
Lazar & Schwartz, Hopewell Junction, NY (Kathryn S. Lazar of counsel), for defendant-respondent.
Wichler & Gobetz, P.C., Suffern, NY (Kenneth C. Gobetz of counsel), nonparty respondent pro se and for nonparty respondents Bottini Holdings, Inc., Bottini Station Holdings, LLC, Bottini Real Estate, LLC, and Mid-Hudson Park Management, Inc.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from three orders of the Supreme Court, Dutchess County (James D. Pagones, J.), dated February 23, 2015, June 8, 2015, and June 29, 2015, respectively, and three orders of the same court (Kenneth Bernstein, R.), dated April 27, 2015, May 28, 2015, and May 29, 2015, respectively. The order dated February 23, 2015, insofar as appealed from, granted that branch of the plaintiff's motion which was for post-note of issue discovery only to the extent of permitting discovery limited to the six months preceding the date of commencement of this action. The order dated June 8, 2015, insofar as appealed from, denied the plaintiff's motion for interim attorney and expert fees. The order dated June 29, 2015, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate the appointment of Referee Kenneth Bernstein and to quash a subpoena served upon the plaintiff. The order dated April 27, 2015, insofar as appealed from, granted that branch of the motion of nonparties Bottini Holdings, Inc., Bottini Real Estate, LLC, Bottini Station Holdings, LLC, and Wichler & Gobetz, P.C., which was to quash certain subpoenas served upon them. The order dated May 28, 2015, insofar as appealed from, granted that branch of the motion of the defendant and of nonparties Bottini Holdings, Inc., and Bottini Real Estate Holdings, LLC, which was to quash certain additional subpoenas. The order dated May 29, 2015, granted the defendant's motion to use the date of commencement of this action as the valuation date for the purpose of valuing his business interests.
ORDERED that the appeals are dismissed, without costs or disbursements.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce dated December 23, 2016 (see Matter of Aho, 39 NY2d 241, 248).
The issues raised on the appeals from the orders dated February 23, 2015, and June 29, 2015, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Bottini v Bottini, ___ AD3d ___ [Appellate Division Docket No. 2017-00690; decided herewith]). The issues raised on the appeals from the orders dated April 27, 2015, May 28, 2015, and May 29, 2015, have not been considered on the appeal from the judgment as no direct appeal lies from an order of a referee appointed to supervise disclosure (see East End Labs., Inc. v Altaire Pharms., Inc., 100 AD3d 824, 824-825; Etzion v Etzion, 84 AD3d 1014, 1015; Crow-Crimmins-Wolff & Munier v County of Westchester, 110 AD2d 871, 872-873). The order dated June 8, 2015, in which the plaintiff's motion for interim expert and counsel fees was denied, is not reviewable on the appeal from the judgment of divorce pursuant to CPLR 5501 (see Maddaloni v Maddaloni, 142 AD3d 646, 647; Anderson v Anderson, 50 AD3d 610, 610).
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court