Lurie v Lurie (2024 NY Slip Op 02185)

Lurie v Lurie

2024 NY Slip Op 02185

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-01070
 (Index No. 515908/18)

[*1]Neil Lurie, et al., respondents, 
v
Abraham Lurie, et al., appellants.

Law Offices of Louis Venezia, P.C., Forest Hills, NY, for appellants.
Morrison Cohen LLP, New York, NY (Y. David Scharf, Kristin T. Roy, Joaquin Ezcurra, and Joseph J. Kamelhar of counsel), for respondents.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff Neil Lurie is the sole owner and stockholder of the plaintiff Lurie Management Corp., to impose a constructive trust, and to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 3, 2023. The order, insofar as appealed from, denied (1) that unopposed branch of the defendants' motion which was, in effect, pursuant to CPLR 2221(a) to vacate so much of an order of the same court dated June 9, 2021, as, upon the plaintiffs' application to file a certain motion under seal, permanently sealed the entire court file, and upon vacatur, to seal only those documents that were designated by the plaintiffs for sealing, and (2) that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiffs to produce certain discovery.
ORDERED that the order dated January 3, 2023, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that unopposed branch of the defendants' motion which was in effect, pursuant to CPLR 2221(a) to vacate so much of the order dated June 9, 2021, as, upon the plaintiffs' application to file a certain motion under seal, permanently sealed the entire court file, and upon vacatur, to seal only those documents that were designated by the plaintiffs for sealing, and substituting therefor a provision granting that unopposed branch of the motion; as so modified, the order dated January 3, 2023, is affirmed insofar as appealed from, without costs or disbursements.
In 2018, the plaintiffs, Neil Lurie and Lurie Management Corp. (hereinafter LMC), commenced this action against the defendant Abraham Lurie and the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust (hereinafter collectively the Trust defendants, and together with Abraham Lurie, the defendants), inter alia, for a judgment declaring that Neil Lurie is the sole owner and stockholder of LMC. The plaintiffs alleged, among other things, that Neil Lurie was gifted ownership of LMC by Abraham Lurie via a stock certificate executed by Abraham Lurie in 1998. The defendants' answers asserted counterclaims, inter alia, for a judgment declaring that the Trust defendants are the sole shareholders of LMC and an accounting. Among other things, the defendants alleged that the signature on the 1998 stock certificate for LMC was a forgery, no gift was intended, and that Abraham Lurie continued to exert dominion and control over LMC after 1998.
The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Lurie v Lurie, 200 AD3d 669) and in our decision and order on a related appeal (see Lurie v Lurie, ____ AD3d ____ [Appellate Division Docket No. 2021-04524; decided herewith]).
The plaintiffs moved, inter alia, pursuant to CPLR 3124 to compel the defendants to produce certain medical records of Abraham Lurie. The plaintiffs simultaneously made an application for their motion to be filed under seal because of references therein to Abraham Lurie's alleged medical condition. In an order dated June 9, 2021, the Supreme Court permanently sealed the entire court file (hereinafter the sealing order). Thereafter, the defendants moved, among other things, pursuant to CPLR 3124 to compel the plaintiffs to produce certain discovery and, in effect, pursuant to CPLR 2221(a) to vacate so much of the sealing order as, upon the plaintiffs' application for their motion to be filed under seal, permanently sealed the entire court file, and upon vacatur, to seal only those documents that were designated by the plaintiffs for sealing. The plaintiffs did not oppose that branch of the defendants' motion pertaining to the sealing order, which described or discussed the medical condition of Abraham Lurie. By order dated January 3, 2023, the court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
22 NYCRR 216.1(a) authorizes a court to seal the court records of any action, "whether in whole or in part," upon a finding of good cause (see Eusini v Pioneer Elecs. [USA], Inc., 29 AD3d 623, 624-626).
Here, the Supreme Court should have granted that unopposed branch of the defendants' motion which was, in effect, pursuant to CPLR 2221(a) to vacate so much of the sealing order as, upon the plaintiffs' application to file their motion under seal, permanently sealed the entire court file, and upon vacatur, to seal only those documents that were designated by the plaintiffs for sealing (see O'Reilly v McPhilmy, 167 AD3d 922, 924; O'Reilly v Klar, 167 AD3d 919, 920).
However, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was pursuant to CPLR 3124 to compel the plaintiffs to produce certain discovery. A "party is not entitled to unlimited, uncontrolled, unfettered disclosure" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958 [internal quotation marks omitted]; see Star Auto Sales of Queens, LLC v Filardo, 216 AD3d 839, 840). "Where discovery demands are overbroad, lack specificity, or seek irrelevant or confidential information, they are palpably improper and may be stricken" (Star Auto Sales of Queens, LLC v Filardo, 216 AD3d at 840; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062). "'The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one'" (Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d at 1062, quoting Lopez v Huntington Autohaus, 150 AD2d 351, 352; see Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi, 106 AD3d 921, 921).
Here, the defendants' discovery demands were overbroad, onerous, and burdensome (see Star Auto Sales of Queens, LLC v Filardo, 216 AD3d at 840; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799) or "not reasonably calculated to lead to material or necessary information" (Matter of Miller, 132 AD3d 768, 768; see DeSilva v Rosenberg, 261 AD2d 503; Rules of Commercial Div of Sup Ct [22 NYCRR 202.70(g)], rule 11-a[b]).
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court