■ JACK P. CHANLER, Respondent, v BOB ROBERTS et al., Appellants. (Action No. 1.) ROBERT ROBERTS, Appellant, v JACK CHANLER et al., Respondents. (Action No. 2.) [606 NYS2d 649] — Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about December 23, 1992, which, on reargument, vacated an earlier order of April 15, 1992 and denied the Roberts defendants' motion for summary judgment in Action No. 1, denied defendant Chanler's motion and plaintiff Roberts' cross motion for summary judgment in Action No. 2, and ordered a joint trial of the two actions, unanimously modified, on the law, to grant the Roberts defendants' motion for summary judgment in Action No. 1, grant plaintiff Roberts' cross motion for summary judgment in Action No. 2, and delete the order for a joint trial, and otherwise affirmed, with costs.

Chanler, a commercial real estate broker, negotiated with Robert ("Bob") Roberts to purchase and develop jointly four parcels of realty in New York and New Jersey. Roberts' majority interest in these properties (75% in properties located on Long Island, 50% of a parcel in Monroe County, and a two-thirds interest in a parcel in Hazlet, New Jersey) was to be memorialized in a written partnership agreement, and the property would be purchased by (or, if already purchased by then, conveyed to) the partnership. Roberts would make the actual purchase and would advance Chanler's share of the purchase price, which would be repaid in accordance with negotiated terms to be spelled out in the partnership agreement. The parcels were so acquired in 1986 and 1987, at purchase prices which together exceeded $3.1 million. However, negotiations to formalize the partnership were unfruitful.

In 1988, Chanler brought Action No. 1 for a declaratory judgment that a partnership was already in existence for these purposes between himself and Bob Roberts, that the properties in question (including a fifth parcel in Valley Stream, which was to have been leased by the partnership with Chanler retaining a 25% interest) be conveyed to the partnership, and that in the meantime, Bob Roberts (along with his wife, Lucille, in the case of two of the parcels) be impressed as trustees of these properties for the benefit of the partnership, without authority to encumber or dispose of them, and that Bob (and Lucille) account for all income and profits therefrom. During the pendency of that action, Roberts commenced a separate action (No. 2) against Chanler and his

corporation, FAR Enterprises, for renting the Hazlet property on his own, retaining a prospective tenant's defaulted $25,000 deposit for himself, without turning it over to the true owner. Both cases thus hinge on the question whether a partnership was actually in existence between Chanler and Roberts, the former maintaining it was, and the latter contending it was not.

Roberts pleaded a defense of Statute of Frauds, *inter alia,* and moved for summary judgment dismissing the complaint in Action No. 1. When Chanler cross-moved to consolidate the two actions and then for summary judgment dismissing the second, Roberts also sought summary judgment in Action No. 2.

The IAS Court, in an order dated April 15, 1992, noted that no partnership formed for the purpose of conveying real property could be recognized without the existence of a written agreement to satisfy the Statute of Frauds. However, an oral partnership agreement would be recognized for the purpose of leasing property, and since a claim for an accounting could flow from such an agreement, Action No. 2 would be tried jointly with the surviving claim in Action No. 1 having to do with leasehold assets.

Upon Chanler's motion for modification, the court reversed itself and held that an oral agreement to form a partnership could be recognized, outside the Statute of Frauds, where the purpose was to convey realty to the partnership, rather than to a partner individually *(see, Elias v Serota,* 103 AD2d 410, 413). Summary judgment was denied to both parties because of the existence of issues of fact as to the terms of the agreement—whether conveyance of properties to the partnership was conditioned upon reduction of the partnership agreement to writing and repayment by Chanler of moneys advanced by Roberts (as Roberts maintains), or whether conveyance was unconditional, permitting repayment of the debt at some later time (as Chanler argues).

The Roberts motion for summary judgment should have been granted, dismissing Chanler's complaint in Action No. 1 and for judgment in Action No. 2. The alleged oral partnership agreement was not simply for the purpose of conveying property to the partnership. It also supposedly spelled out the terms by which Roberts would purchase the properties in the first place, before conveying it to the partnership. Such an agreement would come squarely within the Statute of Frauds, and would thus be unenforceable if not in writing *(Najjar v National Kinney Corp.,* 96 AD2d 836).

Furthermore, an undertaking to share in profits without submitting to the burden of making good the losses renders such an agreement a nullity under partnership law *(Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39). It is axiomatic that the essential elements of a partnership must include an agreement between the principals to share losses as well as profits *(Missan v Schoenfeld,* 95 AD2d 198, 207). Such an essential element should have been set forth on Chanler's motion for summary judgment in Action No. 1. Its absence from the record is fatal to Chanler's effort to prove the existence of a partnership agreement. In the absence of a partnership, there is no barrier to the Statute of Frauds proscription against agreements to convey real property without a writing (General Obligations Law § 5-703 [1], [2]). Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.