■ SHINE & COMPANY LLP, Respondent, v ANGELO F. NATOLI, Appellant. [932 NYS2d 479]—

Defendant failed to raise an issue of fact as to whether he is an equity partner in plaintiff (*see M.I.F. Sec. Co. v Stamm & Co.*, 94 AD2d 211, 214 [1983], *affd in part* 60 NY2d 936 [1983]). The motion court properly found that the letter of intent (LOI) controlling the terms of the parties' relationship was unambiguous. Thus, the court properly declined to consider extrinsic evidence to interpret its terms (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). Initially, we note that the LOI's express reference to defendant as an "equity partner" is not determinative (*see Kyle v Ford*, 184 AD2d 1036, 1037 [1992]). The LOI clearly did not provide for defendant to share in plaintiff's profits or losses. Both are essential elements of a partnership agreement, and defendant failed to present any evidence to support his assertion that he would have shared in either profits or losses (*see Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958], *appeal dismissed* 358 US 39 [1958]; *Chanler v Roberts*, 200 AD2d 489, 491 [1994], *lv dismissed and denied* 84 NY2d 903 [1994]). Moreover, the LOI expressly provided for defendant to receive a Form 1099 rather than a Schedule K-1. As an accountant, defendant understood the difference between these two tax forms. Thus, he knew that his receipt of a 1099 meant that his compensation was not from profits and that he would not share in losses.

Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31992(U).]**