Order, Supreme Court, New York County (Debra A. James, J.), entered September 3, 2010, which denied defendant’s motion to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint, unanimously modified, on the law, to grant partial summary judgment to defendant to the extent of dismissing the complaint save for plaintiff s cause of action for quantum meruit, and otherwise affirmed, without costs.
The following facts are undisputed: In 2002, plaintiff, a newly admitted attorney, placed an advertisement in the New York Law Journal seeking a mentorship opportunity with an experienced solo practitioner in order to gain trial experience. Defendant responded to the advertisement and the parties met. Subsequently, plaintiff saw an advertisement in the Journal placed by a Bronx solo practitioner looking to refer cases out to other experienced attorneys. Defendant met with the Bronx practitioner and agreed to act as trial counsel for the Bronx at *467 torney’s clients with a 40% referral fee payable to the Bronx attorney. It is further undisputed that plaintiff referred at least two cases to defendant’s law office, and that he conducted some depositions for cases on which defendant was working, and drafted some bills of particulars — even though plaintiff had not litigated any personal injury cases prior to meeting defendant. Plaintiff received some payments from defendant which defendant characterized as mostly for per diem work. Eventually, however, according to plaintiff, the payments ceased.
In August 2006, plaintiff filed a summons and complaint alleging 10 causes of action as follows: (1) breach of an oral partnership agreement; (2) breach of an oral agreement; (3) fraud; (4) an accounting; (5) unjust enrichment; (6) fraud in the inducement; (7) breach of fiduciary duty; (8) estoppel; (9) contract implied in the law based on past performance; and (10) quantum meruit.
Plaintiff alleged, inter alia, that defendant had proposed that they should work together as partners in a personal injury law practice with each having an equal share of the profits gained from the cases they worked on jointly. Plaintiff further alleged that between 2002 and 2005 he worked on more than 100 personal injury cases for defendant, expended approximately 500 hours in connection with these cases, and contributed $5,000 in capital to the partnership.
In September 2006, defendant served a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (4). Defendant argued that no sustainable cause of action exists because no partnership agreement, oral or written, existed between him and plaintiff; that defendant did not intend to enter into a partnership; and “there is no evidence whether in the form of sharing losses, tax returns, written agreement or actions demonstrating that the parties held themselves out as a partnership.”
Plaintiff opposed, and on November 30, 2006, the motion court heard oral argument. The court declined to convert the motion into one for summary judgment, and found that the factual allegations of plaintiff sufficiently stated a cognizable cause of action. In May and June 2008, discovery was conducted, and the parties were deposed.
In June 2009, defendant again moved to dismiss the action pursuant to CPLR 3211 (a) (1) and (4). Alternatively, defendant requested summary judgment dismissing the complaint. While defendant raised arguments similar to those in his pre-answer motion seeking dismissal of the complaint, this time, on the basis of plaintiff’s deposition transcript, he argued that *468 plaintiffs proof failed to raise a triable issue as to the existence of an oral partnership.
Defendant noted that there was no evidence or testimony offered to indicate that the parties had shared earnings 50/50 in accordance with the alleged oral partnership arrangement, or that plaintiff shared in law firm losses and/or expenses, or that plaintiff contributed capital to the law firm. Defendant further offered evidence that, in conducting depositions, plaintiff had deemed himself to be “of counsel” or working independently. Defendant affirmed that the referred cases from the Bronx litigator comprised only 10% of his law firm practice.
Defendant referenced plaintiff’s testimony at deposition where plaintiff conceded, inter alia, that he had full-time employment with another law firm during the relevant time period; that the “overhead” in defendant’s office was “no concern of his”; that there was no letterhead evidencing a partnership; and that he did not know the name of the staff in defendant’s law office. In opposition, plaintiff produced, inter alia, a bank account statement to show that he had paid defendant $750 which he claimed was part of a $5,000 contribution to the partnership.
On September 3, 2010, the court denied defendant’s motion for summary judgment upon finding that the motion was precluded by the law of the case doctrine. The court found that the argument was identical to the prior motion, and defendant had a full and fair opportunity to argue the identical motion to dismiss.
On appeal, defendant argues that the motion court erred in summarily denying his motion for summary judgment based on the law of the case doctrine. Defendant also argues that the statute of frauds (General Obligations Law § 5-701) precludes plaintiff’s claim for compensation predicated on an alleged partnership agreement absent a writing, or evidence demonstrating a partnership agreement. Finally, defendant argues that there are no triable issues of fact as to any kind of partnership agreement with plaintiff.
As a threshold matter, we note that the law of the case doctrine does not apply when a motion to dismiss is followed by a summary judgment motion, as is the case here (see 191 Chrystie LLC v Ledoux, 82 AD3d 681 [2011]; Riddick v City of New York, 4 AD3d 242, 245 [2004]). Defendant’s first motion was to dismiss under CPLR 3211; the court declined to convert that pre-answer motion to a summary judgment motion. Thus, the law of the case doctrine was inapplicable to defendant’s subsequent summary judgment motion pursuant to CPLR 3212.
*469 Defendant’s statute of frauds argument, however, has no merit. The statute of frauds is inapplicable to an agreement to create a joint venture or partnership because an oral agreement for an indefinite period creates a partnership or joint venture at will (see Foster v Kovner, 44 AD3d 23, 27 [2007]; Prince v O’Brien, 234 AD2d 12 [1996]). Additionally, the parties’ alleged agreement to share in the profits of certain cases, when reasonably interpreted, could have been performed within one year (Foster, 44 AD3d at 26).
Nevertheless, for the reasons set forth below, we grant partial summary judgment to defendant dismissing plaintiffs claims as to the existence of an oral partnership. We agree with defendant that there are no triable issues of fact as to the existence of such a partnership with plaintiff, or even of a partnership limited to a select group of clients.
Initially, we note that plaintiff has engendered confusion with his allegations: While he invokes New York partnership law in the summons and complaint, and refers to an alleged “partnership/joint venture” agreement throughout papers submitted in this action, he also argues that the parties had a partnership only to the extent of an agreement to equally share profits arising out of the legal representation of a select group of clients.
At deposition, plaintiff testified as follows:
“Q: Now [defendant] gave you the impression that you were in a partnership for the share of the entire practice?
“A: No.
“Q: What was this a partnership for, as you understood it?
“A: This was a partnership for specifically the cases that I would bring into the business.”
On plaintiff’s own admission therefore, there was no oral partnership agreement with defendant such that would establish a bona fide law practice partnership. As to plaintiffs allegation that he and defendant had an oral agreement to equally share the fees from cases plaintiff brought in, the record reflects that there was a 50% fee split in only one of two referrals (a slip and fall action involving plaintiffs aunt) acknowledged by defendant. In the other, plaintiff received one third of the fee.
Moreover, at deposition, plaintiff was unable to quantify, even approximately, how many cases he had brought in over and above the two referrals. Instead, plaintiff testified that they included “in the main,” cases referred to defendant by the Bronx practitioner whose ad plaintiff had shown to defendant. However, plaintiff conceded that after setting up a meeting be *470 tween defendant and the practitioner, he had nothing more to do with that practitioner. Indeed, plaintiff testified that it was defendant who met every week with the Bronx practitioner to discuss cases, and to meet with prospective clients in order for defendant to determine which clients he would represent.
More significantly, we find that no triable issues of fact exist as to the traditional indicia of a valid oral partnership agreement. It is well established that in determining whether parties forged such an oral partnership agreement, a court will consider the intent of the parties, whether the parties shared joint control in the management of the business, whether the parties shared profits and losses and the existence of capital contribution (see Baytree Assoc. v Forster, 240 AD2d 305 [1997], lv denied 90 NY2d 810 [1997]; Prince v O’Brien, 256 AD2d 208, 212 [1998] [“traditional indicia” of a partnership include joint control and sharing losses], citing Chanler v Roberts, 200 AD2d 489 [1994], lv dismissed in part and denied in part 84 NY2d 903 [1994]). In Chanter, this Court held that “[i]t is axiomatic that the essential elements of a partnership must include an agreement between the principals to share losses as well as profits” (200 AD2d at 491).
Here, plaintiff does not allege joint control or any agreement to share in any of the losses either of the law practice in general, or appertaining just to the cases plaintiff brought in. Moreover, while the record reflects a $750 payment by plaintiff to defendant (characterized by defendant as contribution towards an expert fee in plaintiff’s aunt’s case), the record is essentially devoid of any admissible evidence supporting plaintiffs assertion that he contributed $5,000 in capital to the law firm.
Plaintiff testified that the capital contribution was in the form of cash payments which he recorded in a “logbook” or “ledger,” but he did not produce any such logbook or ledger. Rather, in opposition to defendant’s summary judgment motion, plaintiff attempted to shift the burden to defendant by incomprehensibly arguing: “This is a fact in dispute where [p]laintiff acknowledges the contribution and [defendant denies it. This is a material fact in dispute for which [defendant has no documentary evidence to back up his defensive denial.” It is difficult to imagine precisely what type of documentary evidence defendant could produce to establish a negative, namely plaintiffs non-contribution — even were it defendant’s burden to do so. Thus, plaintiff failed to raise a triable issue of fact as to his capital contributions.
In the absence of a valid contract, plaintiff, however, does set forth a prima facie case for recovery in quantum meruit. It is *471 hornbook law that in order to establish a claim in quantum meruit, a claimant must establish “(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services” (Soumayah v Minnelli, 41 AD3d 390, 391 [2007]; see 22A NY Jur 2d, Contracts § 610). Defendant agreed that plaintiff worked for him in some capacity on a certain number of cases. Further, plaintiff points to two e-mails purportedly sent by defendant to plaintiff in August 2005 acknowledging that defendant owes plaintiff certain fees on cases after they “come to trial.” Thus, plaintiff may recover based on quantum meruit for work he performed without compensation on behalf of defendant.
We have considered plaintiffs other claims, and find them to be without merit. Concur — Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.