(May 20, 2014)

■ Carolyn Le Bel, as Executrix of Marya Lenn Yee, Deceased, Appellant, v Mary A. Donovan et al., Respondents.
[986 NYS2d 80]—

Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered October 1, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, granted defendants' cross motion for summary judgment dismissing the fourth and sixth cause of action, and declared that the subject partnership was not dissolved upon the decedent's death, unanimously modified, on the law, to deny defendants' cross motion as to the sixth cause of action and vacate the declaration, and otherwise affirmed, without costs.

The motion court correctly reconciled apparently conflicting provisions of the partnership agreement, giving meaning to both (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371 [2006]). Contrary to plaintiff's contention, the provision that appears first does not automatically govern, as New York has not adopted the "first clause" doctrine of contract interpretation (*see Israel v Chabra*, 12 NY3d 158, 168 [2009]). Further, as plaintiff concedes, her interpretation of the contract renders section 6.8 (b) superfluous, depriving it of all effect. Section 6.8 (a) provides that "[a] voluntary dissolution (including any dissolution by law resulting from only one Partner remaining . . . following the death . . . of the other Partner[s]) and termination of the Partnership shall override any of the provisions of this Article VI . . . ." Section 6.8 (b) of the agreement provides that the partnership will survive the death of a partner if a new partner is admitted no more than 90 days after the death. When read together, these sections provide for dissolution upon the death of a partner unless a new partner is admitted within 90 days (*see Burger, Kurzman, Kaplan & Stuchin v Kurzman*, 139 AD2d 422, 423-424 [1st Dept 1988], *lv denied* 74 NY2d 606 [1989]).

An issue of fact exists, however, as to whether Andrea Calvaruso, the new partner, was actually an equity partner. While the new partnership agreement referred to her as an equity partner and purported to give her a 5% interest in the firm, Calvaruso made no capital contribution to the firm and received monthly guaranteed payments as a salary. Further, she only nominally shared in 5% of the firm's potential profits and losses (*see Shine & Co. LLP v Natoli*, 89 AD3d 523 [1st Dept 2011]). These facts preclude judgment for either side on this issue.

The motion court correctly dismissed the claim for an accounting, because the partnership agreement provided that the

sole accounting to which partners would be entitled was a statement the firm's regular outside accountants prepared, and a statement was prepared and provided to plaintiff (*see* Partnership Law § 74). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.