Rubin v Napoli Bern Ripka Shkolnik, LLP (2020 NY Slip Op 00250)





Rubin v Napoli Bern Ripka Shkolnik, LLP


2020 NY Slip Op 00250


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10783N 154060/15

[*1] Denise A. Rubin, Plaintiff-Respondent-Appellant,
v
Napoli Bern Ripka Shkolnik, LLP, et al., Defendants-Appellants-Respondents, Paul J. Napoli, Defendant.


Ropers, Majeski, Kohn & Bentley, LLP, New York (Kirsten L. Molloy of counsel), for appellants-respondents.
Giskan Solotaroff & Anderson LLP, New York (Jason L. Solotaroff of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 30, 2018, which, to the extent appealed from as limited by the briefs, denied defendants Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP's motion for summary judgment on their counterclaim against plaintiff for breach of an employment agreement entitling them to liquidated damages, and granted defendants' motion for summary judgment dismissing plaintiff's second cause of action for breach of contract regarding an unpaid bonus, unanimously modified, on the law, to the extent of reinstating plaintiff's second cause of action, and otherwise affirmed, without costs.
The law firm defendants established as a matter of law that plaintiff violated the confidentiality provision of her employment agreement when she filed four confidential documents - three email chains discussing client and law firm business issues and a written audit report of the firms' policies and procedures prepared by another law firm - on NYSCEF (New York State Courts Electronic Filing), making them publicly available. At the time of the filing, plaintiff was an attorney licensed in New York and was represented by counsel. Accordingly, under the circumstances, her actions qualified as "knowing[], intentional[] or willful[]" and triggered the liquidated damages provision of her employment agreement. However, on this record, defendants did not make a prima facie showing of entitlement to those damages.
"Liquidated damages constitute the compensation which, the parties have agreed, should be paid in order to satisfy any loss or injury flowing from a breach of their contract" (Truck Rent- A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 423-424 [1977]). "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation. If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" (id. at 425). Although the party challenging the liquidated damages provision has the burden to prove that the liquidated damages are, in fact, an unenforceable penalty (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]; Parker v Parker, 163 AD3d 405, 406 [1st Dept 2018]), the party seeking to enforce the provision must necessarily have been damaged in order for the provision to apply (see e.g. J. Weinstein & Sons, Inc. v City of New York, 264 App Div 398, 400 [1st Dept 1942] ["The proof establishes that no claims were made against defendant and that defendant suffered no financial damage whatsoever."], affd 289 NY 741 [1942]). Here, defendants did not identify to the motion court any damages that they sustained as a result of plaintiff's breach of the [*2]agreement.
Plaintiff's second cause of action alleged that, in 2013, plaintiff and the law firm defendants agreed that in exchange for her continued employment, she would be paid 5% of all the firms' net attorney's fees recovered in matters to which she was assigned or "materially involved," and she was not paid the full amount she claims she was owed. The law firm defendants met their burden on summary judgment by providing plaintiff's employment agreement which did not include any reference to a 5% nondiscretionary bonus, and which included a general merger clause requiring any modification to be in writing. However, plaintiff raised a triable issue of fact as to this claim. Specifically, in Rose v Spa Realty Assoc. (42 NY2d 338, 343-344 [1977]), the Court of Appeals held that while generally an oral modification may not be enforced in light of a merger clause, an oral modification may be enforced if there is partial performance that is "unequivocally referable to the oral modification" or if one party "induced another's significant and substantial reliance upon an oral modification." Here, plaintiff averred that she was promised the 5% bonus and the law firm defendants partially performed by paying her this bonus on at least five separate occasions. As the law firm defendants sought summary judgment, this Court is obligated to view the evidence in the light most favorable to plaintiff and to accept plaintiff's evidence "as true" (Aguilar v City of New York, 162 AD3d 601, 601 [1st Dept 2018]; Hernandez v Kaisman, 103 AD3d 106, 112 [1st Dept 2012]). Plaintiff also averred that she relied on this oral agreement and took on certain complex cases with the expectation that she would receive additional compensation for those actions. Accordingly, summary judgment in favor of defendants was not warranted.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK