Prada USA Corp. v 724 Fifth Fee Owner LLC (2022 NY Slip Op 01277)





Prada USA Corp. v 724 Fifth Fee Owner LLC


2022 NY Slip Op 01277


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 657674/19 Appeal No. 15403 Case No. 2021-03555 

[*1]Prada USA Corp., Plaintiff-Appellant,
v
724 Fifth Fee Owner LLC, et al., Defendants-Respondents.


Sullivan & Cromwell LLP, New York (Marc De Leeuw of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Stephen R. Neuwirth of counsel), for respondents.



Order, Supreme Court, New York County (Andrew S. Borrok, J.) entered May 25, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the second, third, and fourth causes of action and partially dismissing the fifth cause of action, unanimously affirmed, with costs.
The motion court correctly construed the fourth amendment to the parties' lease (fourth amendment) to allow plaintiff to collect its actual damages for breach of the agreement by defendant 724 Fifth Fee Owner LLC (Owner) and correctly dismissed the second, third, fourth, and those portions of the fifth causes of action in the amended complaint that sought certain payments under the agreement or to allow plaintiff to terminate the lease. Under the fourth amendment, the parties agreed to permit Owner to exercise a "suspension option," which, under certain conditions, allowed Owner to suspend plaintiff's lease on notice and redevelop the building within a specified period, during which time plaintiff would be relieved of its obligation to pay rent under the lease. The fourth amendment also entitled plaintiff to a payment of up to $5 million and a $25 million letter of credit (the suspension payment) upon vacating its premises during the suspension period and provided plaintiff with the right to select from certain plans in the redevelopment of its space in the building.
By suspension notice dated December 12, 2018, Owner exercised the suspension option and set a "suspension date" of March 12, 2020 and an anticipated reinstatement date of March 12, 2023. Although certain steps toward the redevelopment project took place, including plaintiff's selection of its preferred plans and discussions relating to plaintiff's temporary relocation, by letter dated October 16, 2019, Owner purported to withdraw the suspension notice. By letter dated October 29, 2019, plaintiff rejected the withdrawal, and this action ensued.
Defendants moved for summary judgment dismissing the claims seeking to enforce plaintiff's purported right to the suspension payment or to allow plaintiff to terminate the lease and for related relief. The motion court determined that although the fourth amendment allowed plaintiff to collect its actual damages arising from Owner's revocation of the suspension notice, those portions of the second, third, fourth, and fifth causes of action in the amended complaint that sought the suspension payment or to allow plaintiff to terminate the lease were barred by the terms of the fourth amendment.
Plaintiff is not entitled to relief based on a suspension of the lease from the suspension date that did not occur. Although plaintiff argues that the motion court failed to enforce the fourth amendment "according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), this assertion fails to address the express language in paragraph 4(d) of the fourth amendment, which provides that "[[*2]i]n the event Owner shall elect to exercise the Suspension Option, Fixed Rent and all Additional Rent shall be abated for the Suspension Period." Because Owner decided not to redevelop the building and plaintiff did not vacate on the date in the suspension notice, there is no "suspension period," and plaintiff's right to relief from its rental obligation was not triggered under paragraph 4(d). Thus, the motion court correctly determined that plaintiff was not entitled to terminate the lease.
With respect to those portions of the second, fourth, and fifth claims seeking money damages under the fourth amendment, we agree with the motion court that while plaintiff is entitled to its actual damages arising from Owner's breach of the agreement, including its attorneys' fees relating to the breach, the plain language of the fourth amendment does not entitle plaintiff to the suspension payment and letter of credit under paragraph 4 that were conditioned on plaintiff's actual vacatur and surrender of the leased premises. Under these circumstances, the $5 million payment and $25 million letter of credit would be a grossly disproportionate measure of damages, which were intended to compensate for and to be conditioned upon the commencement of the suspension period that did not occur (see Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 496 [1st Dept 2020]). The motion court correctly determined that plaintiff's actual damages for breach of the agreement, including
attorneys' fees under the lease, were the proper measure of damages based on the parties' agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022