Rubin v Napoli Bern Ripka Shkolnik, LLP (2024 NY Slip Op 03555)

Rubin v Napoli Bern Ripka Shkolnik, LLP

2024 NY Slip Op 03555

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Index No. 154060/15, 595154/17, 450243/18 Appeal No. 2570 Case No. 2023-04971 

[*1]Denise A. Rubin, Plaintiff-Respondent,
v
Napoli Bern Ripka Shkolnik, LLP, et al., Defendants-Appellants. [And Other Actions]

Ropers Majeski, P.C., New York (Kirsten L. Molloy of counsel), for Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP, appellants.
Rebar Kelly, New York (Patrick J. Healey of counsel), for Paul J. Napoli, appellant.
Giskan Solotaroff & Anderson, LLP, New York (Jason L. Solotaroff of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 17, 2023, which, to the extent appealed from, denied defendant law firms' motion for summary judgment dismissing plaintiff's third cause of action for breach of contract and sixth cause of action for quantum meruit, and denied defendant Paul J. Napoli's motion for summary judgment dismissing plaintiff's second cause of action for retaliation under the New York City Human Rights Law (City HRL), unanimously affirmed, with costs.
Supreme Court properly found triable issues of fact precluding summary judgment on the breach of contract claim (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC, 157 AD3d 479, 481-482 [1st Dept 2018]). Contrary to the contentions of defendants Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP (together, the law firms), plaintiff's testimony and documentary evidence support the argument that there was partial performance when plaintiff received five bonus payments that were "unequivocally referable to the oral modification" to pay plaintiff a bonus of 5% of any attorneys' fees recovered for any of her assigned cases and for each case to which she materially contributed (see Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 497 [1st Dept 2020], quoting Rose v Spa Realty Assoc., 42 NY2d 338, 343-344 [1977]). Indeed, a jury could find that the only plausible explanation for those payments is the oral modification at issue, as plaintiff's 2007 employment contract did not provide for any bonuses for work on individual cases (compare Josephson LLC v Column Fin., Inc., 94 AD3d 479, 479 [1st Dept 2012]; Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y., 304 AD2d 462, 463 [1st Dept 2003]).
Supreme Court also properly found triable issues of fact precluding summary judgment on the quantum meruit claim, based on plaintiff's performance of work for the law firms after the undisputed date Napoli terminated plaintiff's employment and there was no longer a "valid contract" in force (see Moses v Savedoff, 96 AD3d 466, 470-471 [1st Dept 2012]). Both plaintiff and one of the two managing partners (Bern) testified that Bern asked plaintiff to keep working, that she did the work and appeared in court, that Bern told her she would be paid, and that Bern paid her for two pay periods but stopped before plaintiff discontinued providing services. This testimony raises issues concerning plaintiff's good faith efforts, the law firms' acceptance of her work and plaintiff's expectation of compensation (see Moses, 96 AD3d at 471, citing Soumayah v Minnelli, 41 AD3d 390, 391 [1st Dept 2007]).
Similarly, Supreme Court properly found triable issues of fact precluding summary judgment on the retaliation claim against Napoli (see Administrative Code of City of NY § 8-107[7]; Harrington v City of New York, 157 AD3d 582, [*2]585 [1st Dept 2018]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). There is evidence that "the retaliatory . . . act or acts complained of" were "reasonably likely to deter a person from engaging in protected activity" (Williams v New York City Hous. Auth., 61 AD3d 62, 71 [1st Dept 2009], lv denied 13 NY3d 702 [2009], quoting Administrative Code § 8-107[7]). These acts include, among other things, evidence of Napoli contacting other law firms seeking to prevent plaintiff from being hired or receiving contract work, interfering with plaintiff's COBRA insurance, interfering with the malpractice insurance covering plaintiff in connection with Napoli's counterclaims or his wife's separate malpractice action against plaintiff, and his statements to the media maligning plaintiff's ethics and character. That some of the evidence is hearsay is of no moment, as "hearsay evidence may be utilized" to oppose a summary judgment motion "as long as it is not the only evidence submitted" (Guzman v L.M.P. Realty Corp., 262 AD2d 99, 100 [1st Dept 1999]).
Additionally, there is evidence of a causal connection between plaintiff's commencement of this action, in which she asserted a sex discrimination claim under the City HRL, and Napoli's subsequent conduct. Some of the retaliatory acts previously discussed occurred shortly after plaintiff brought this action. Contrary to Napoli's contention, the absence of temporal proximity does not defeat the claim, as there are other facts supporting causation (see Harrington, 157 AD3d at 586). Further, a jury could find that Napoli waited for "an opportune time" to act (Herskowitz v State of New York, 222 AD3d 587, 588 [1st Dept 2023] [internal quotation marks omitted]). In that regard, he asserted several stand-alone counterclaims about a month after his motion to dismiss was denied, which were dismissed as procedurally improper. Notably, Napoli was denied leave to amend most of these counterclaims. His other acts also included interfering with plaintiff's malpractice insurance coverage about a week after his wife filed her now dismissed legal malpractice suit against plaintiff, which was almost identical to Napoli's own action in Suffolk County maligning plaintiff's ethics and character.
Napoli's reliance on the Noerr-Pennington doctrine is unavailing (see e.g. I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 208 [1st Dept 2005]). Even assuming that the doctrine may apply to bar City HRL retaliation claims, there are questions of fact concerning whether most of Napoli's counterclaims as well as his and his wife's actions constituted sham litigation, given the partial denial of Napoli's motion for leave to amend, the finding that there was no attorney-client relationship between plaintiff and Napoli's wife, and the dismissal of Napoli's malpractice-based claims (see Matsushita Electronics Corp. v Loral Corp., 974 F Supp 345, 355 [SD NY 1997]; Schanfield v Sojitz Corp. of America, 663 F Supp 2d [*3]305, 343 [SD NY 2009]). Moreover, as Supreme Court noted, "it is unnecessary to 'rely on the lawsuit[s] to find retaliatory conduct'" given the "other evidence" of retaliation (Delville v Firmenich Inc.,
920 F Supp 2d 446, 465 [SD NY 2013], quoting Durham Life Ins. Co. v Evans, 166 F3d 139, 157 [3d Cir 1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024