Terebelo v ASP Metro, Inc. (2024 NY Slip Op 06678)

Terebelo v ASP Metro, Inc.

2024 NY Slip Op 06678

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 655483/18 Appeal No. 3340 Case No. 2024-04496 

[*1]Raymond Terebelo, Appellant,
v
ASP Metro, Inc., Also Known as Charles Nenner Research Center, Respondent.

David Abrams, New York, for appellant.
Jared Michael Viders, Monsey, for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about July 1, 2024, which, following a bench trial, dismissed plaintiff's complaint in its entirety and directed entry of judgment in favor of defendant, unanimously modified, on the law, to reinstate plaintiff's claim for pre-termination commissions and direct entry of judgment in his favor in the amount of $3,070.16, plus interest, and otherwise affirmed, without costs.
Supreme Court properly determined that plaintiff failed to establish his entitlement to post-termination commissions, which were not provided for in his employment contract. Although plaintiff testified that the parties entered into an oral agreement for post-termination commissions, the contract contains a merger clause requiring modifications to be in writing signed by the parties (see General Obligations Law § 15-301[1]). Furthermore, plaintiff's testimony concerning his partial performance of the alleged oral modification and his detrimental reliance on it was insufficient because his conduct was not "'unequivocally referable' to the new, oral agreement" but was consistent with defendant's agreement to pay him commissions before his termination (Richardson & Lucas, Inc. v New York Athletic Club of City of New York, 304 AD2d 462, 463 [1st Dept 2003], quoting Rose v Spa Realty Assocs., 42 NY2d 338, 343 [1977]; see Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 497 [1st Dept 2020]).
Although defendant prevailed on the claim submitted to the court for trial, the parties agreed at the outset of the trial that plaintiff was owed $3,070.16 on his claim to recover unpaid commissions earned before his termination in 2016. Accordingly, the post-trial order should not have dismissed the complaint in its entirety, but only plaintiff's claim for post-termination commissions, and plaintiff is entitled to recover unpaid commissions in the stipulated amount, plus interest (see CPLR 5001[a], 5701[a]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024