Rosenfeld v Rosenfeld (2025 NY Slip Op 01329)

Rosenfeld v Rosenfeld

2025 NY Slip Op 01329

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 309389/18|Appeal No. 3882|Case No. 2023-03595|

[*1]Eric Rosenfeld, Plaintiff-Appellant-Respondent,
v
Rosanna Galvano Rosenfeld, Defendant-Respondent-Appellant.

Chemtob Moss Forman & Beyda, LLP, New York (Joshua Forman of counsel), for appellant-respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about May 16, 2023, which to the extent appealed from as limited by the brief, denied plaintiff husband's motion for damages arising from a breach of the parties' confidentiality agreement, denied the husband's motion for leave to amend his complaint to add a cause of action for breach of contract, and denied the husband's request for counsel fees, unanimously affirmed, without costs. Appeal by defendant wife unanimously dismissed, without costs, for failure to perfect.
The wife's prior counsel appears to have divulged confidential information during a phone call to a person who is not a party to this action, thus violating the parties' confidentiality agreement. Nonetheless, on this record, the husband did not make a showing of entitlement to damages under the liquidated damages provision in the confidentiality agreement, as he did not identify any nonspeculative damage he actually sustained because of the wife's breach of the agreement (see Rubin v Napoli Bern Ripka Shkolnik, LLP, 179 AD3d 495, 496 [1st Dept 2020]). Under these circumstances, the liquidated damages provision calls for "an unenforceable penalty" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379-380 [2005]; see also Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425 [1977]).
Leave to amend the complaint was properly denied, as the proposed second amended complaint is devoid of merit (see Perrotti v Becker, Glynn, Malamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]).
As the husband was not the prevailing party on the motion, the court's determination not to award him counsel fees was a provident exercise of its discretion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025