24-2955
*Oppedisano v. Zur*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-five.

Present:

> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

VINCENZO OPPEDISANO,

> *Plaintiff-Appellant,*

v.                                                                          24-2955

LYNDA ZUR,

> *Defendants-Appellee.*\*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | MICHAEL V. CARUSO, Cuddy & Feder LLP, White Plains, NY |
| For Defendant-Appellee: | DANIEL DESOUZA, DeSouza Law, P.A., Coral Springs, FL |

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Vincenzo Oppedisano appeals from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *District Judge*), entered on March 5, 2024, granting in part Defendant-Appellee Lynda Zur's motion for summary judgment and denying Oppedisano's motion for partial summary judgment. Oppedisano's claims turn on his involvement in a fixed-base-operator ("FBO") business that Zur inherited, which provided aeronautical services at the Fort Lauderdale Executive Airport. Sometime before 2006, Zur transferred the operation and control of the FBO to the Sano Aviation Corporation ("SAC"), an entity Oppedisano previously incorporated. Oppedisano claimed that he and Zur operated the FBO for years as a partnership, but that at some point Zur cut him out and began operating the FBO with a new business partner. In June of 2020, Oppedisano filed a lawsuit against Zur alleging various violations of New York state partnership and contract law and seeking legal and equitable relief. Zur removed the case to federal court on July 14, 2020. The district court granted Zur's motion for summary judgment with respect to all but one claim, which Oppedisano subsequently voluntarily dismissed with prejudice. The district court also denied Oppedisano's motion for partial summary judgment with respect to his declaratory relief and unjust enrichment claims. Oppedisano now appeals the district court's grant of summary judgment as to his partnership-

based claims, fraud claim, and unjust enrichment claim, and his request for declaratory relief.[1] We assume the parties' familiarity with the case.

We review the grant of summary judgment *de novo*. *Bellamy v. City of New York*, 914 F.3d 727, 744 (2d Cir. 2019).[2] Summary judgment is appropriate only where the moving party "shows that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's refusal to issue a declaratory judgment for abuse of discretion. *Grand River Enters. Six Nations, Ltd. v. Boughton*, 988 F.3d 114, 127 (2d Cir. 2021).

## I. Partnership-Based Claims & Fraud Claim

The bulk of Oppedisano's claims depend on his assertion that he and Zur formed a partnership to operate the FBO. The parties do not dispute that New York law applies to these claims. In determining whether a partnership exists in the absence of a written agreement, courts consider "the intent of the parties, whether the parties shared joint control in the management of the business, whether the parties shared profits and losses[,] and the existence of capital contribution." *Moses v. Savedoff,* 947 N.Y.S.2d 419, 423 (1st Dep't 2012). No single element is sufficient to establish a partnership, but an agreement to share both profits and losses is "indispensable." *Steinbeck v. Gerosa*, 4 N.Y.2d 302, 317 (1958). A partnership can be formed absent an agreement to share losses only if "there was no reasonable expectation of losses" at all. *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 129–30 (2d Cir. 2023).

---

[1] Oppedisano's partnership-based claims are limited to his first, second, third, and fourth causes of action for accounting, judicial dissolution, dissolution based on fraud or misrepresentation, and liquidation.

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

Even drawing every reasonable inference in favor of Oppedisano, the record evidence conclusively shows that Oppedisano and Zur did not anticipate that Oppedisano would share in the company's losses. The parties agree that Zur alone personally guaranteed several loans, securing millions of dollars to fund SAC. Zur did not share the loan applications or related paperwork with Oppedisano. Zur declared that Oppedisano was similarly unobligated with respect to the company's operating, legal, and tax expenses. Oppedisano contests this characterization but produced no documents to the contrary. Indeed, he testified at his deposition that he did not recall signing any documents on behalf of the FBO beyond "maybe…some payroll checks." App'x 418. Oppedisano's exclusion from these financial obligations, as well as Zur's failure to consult Oppedisano about the FBO's loans, indicate that the parties did not form an agreement to share in the company's losses. Nor can Oppedisano benefit from the exception for cases involving "no reasonable expectation of losses." *Id.* at 129–30. The record is replete with indications that Oppedisano expected the FBO business to struggle financially at the outset of his involvement. Oppedisano thus fails to establish that he and Zur agreed to share losses, or that such an agreement was unnecessary because they did not reasonably anticipate any. This factor alone defeats Oppedisano's claim that he and Zur formed a partnership.

In any event, Oppedisano also failed to establish the remaining elements of a partnership agreement. Oppedisano concedes that he never received a salary or dividend from the FBO, and he provided no evidence to support his assertion that he reinvested alleged profits into the company. He likewise failed to show that he exercised joint control of the FBO business; to the contrary, he emphasized his own removal from the company's administration and core decision-making. And while Oppedisano may have contributed his time and knowledge of the aviation industry, he failed to show capital contributions beyond the expenses he incurred by performing

4

repairs at the FBO and lending equipment for its use. Oppedisano thus has not established a genuine dispute of fact as to the existence of a partnership. The district court properly granted summary judgment in favor of Zur on his partnership-based claims.

Oppedisano's fraud claim also fails without an operative partnership agreement. To establish fraud under New York law, plaintiffs must show:

> (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury.

*Guilbert v. Gardner*, 480 F.3d 140, 147 n.5 (2d Cir. 2007). Oppedisano contends that in 2019 Zur misrepresented to Oppedisano that she wanted to sell the FBO to a third party and share the proceeds with Oppedisano equally in order to secure Oppedisano's agreement to a future sale. He argues that he was injured when Zur decided instead to take on a new partner and exclude him from the FBO's management because he was deprived of his share of the partnership's assets. In other words, his injuries flow solely from his alleged status as a partner. Because Oppedisano failed to establish the existence of a partnership, he enjoys no claim to half the FBO's assets and therefore cannot show that he suffered an injury. He is similarly unable to show that he detrimentally relied on Zur's alleged misrepresentation by consenting to a prospective sale because Zur would have been free to sell the company without his consent in the absence of a partnership agreement. Oppedisano's fraud claim thus falls with his partnership-based claims.

## II. The Purchase Agreement

Oppedisano's only remaining claims are for unjust enrichment and declaratory judgment. These claims stem from a 2011 "Purchase Agreement" under which a trust, for which Oppedisano served as grantor, sold stock in SAC to an entity that Zur owned and controlled. Oppedisano

5

asserts that Zur used the allegedly invalid Purchase Agreement to convert Oppedisano's ownership interest in SAC and was therefore unjustly enriched. The statute of limitations in New York for an unjust enrichment claim is six years. N.Y. C.P.L.R. § 213(1). The limitations period begins to accrue "upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered." *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 364 (2d Cir. 2013). The "wrongful act giving rise" to Oppedisano's claim occurred when the Purchase Agreement was executed on January 20, 2011, more than nine years before Oppedisano commenced this action. The claim is therefore time-barred.

Oppedisano also fails to demonstrate that he is entitled to equitable tolling. Equitable tolling may defeat a statute of limitations defense when "the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). To show the defendant engaged in such behavior, the plaintiff must point to specific actions by the defendant that prevented him from bringing suit. *Id.* "[M]ere silence or failure to disclose the wrongdoing," for example, is insufficient. *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007). Oppedisano not only fails to identify affirmative steps Zur took to prevent him from uncovering the nature of the Purchase Agreement but also is personally responsible for any limited understanding of its effect. Oppedisano testified at his deposition that he signed the agreement without reading it, as he did with most of the company's paperwork. Oppedisano also repeatedly stressed that he generally left Zur to handle the business side of the relationship. App'x at 428–29 ("I'm the field guy. I don't think about the office."). Oppedisano may not now argue that his ignorance of the Purchase Agreement was a result of Zur's "fraud, misrepresentations or deception." *Abbas*, 480 F.3d at 642. He therefore provides no reason why his failure to bring his unjust enrichment claim within the limitations period should be excused.

Oppedisano also seeks a declaration that the Purchase Agreement is a "legal nullity." Because the district court is time barred from reaching the merits of his unjust enrichment claim, which necessarily requires a conclusion regarding the Purchase Agreement's validity, declaratory relief is unavailable. *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992) ("Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim based on such rights would also be barred.").

The district court, therefore, did not err in granting Zur's motion for summary judgment on Oppedisano's claims for unjust enrichment and declaratory judgment.

\* \* \*

We have considered Oppedisano's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7